IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FLOYD BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-00139-CV-W-JTM |
| | ) | |
| HSBC BANK USA, N.A. AS TRUSTEE ON BEHALF | ) | |
| OF ACE SECURITIES CORP. HOME EQUITY LOAN | ) | |
| TRUST FOR THE REGISTERED HOLDERS OF ACE | ) | |
| SECURITIES CORP. HOME EQUITY LOAN TRUST, | ) | |
| SERIES 2006-HE3, ASSET BACKED PASS- | ) | |
| THROUGH CERTIFICATES, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Floyd Banks ("Banks") initially filed the present action in state court asserting substantive claims for wrongful foreclosure in equity, quiet title , and negligence (breach of the duty of good faith fair dealing).  Banks seeks money damages and equitable relief (preliminary and permanent injunctions and a declaratory judgment) from two named defendants, HSBC Bank USA, N.A. as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE3, Asset Backed Pass-Through Certificates ("HSBC") and Ocwen Loan Servicing, LLC ("Ocwen").  On February 11, 2014, HSBC and Ocwen removed the matter to this Court.  Pending before the Court is the MOTION TO DISMISS [Doc. 7] filed by HSBC and Ocwen seeking to dispose of Banks' entire case.

At the heart of the dispute is residential property located at 1413 NE Mulberry Street in Lee's Summit, Missouri. On January 13, 2006, Banks' (then) spouse, Mari Banks, executed a $140,000.00 promissory note. The note was secured by a deed of trust on the 1413 Mulberry Street property signed that same day. While the promissory note was executed by only Mari Banks, the deed of trust was signed by both Banks and his wife. In February of 2010, the deed of trust was assigned to HSBC.[1] On October 4, 2011, the 1413 Mulberry Street property was sold at a foreclosure sale.

As part of their motion to dismiss, HSBC and Ocwen assert that Banks lacks standing to challenge the foreclosure sale, thus requiring dismissal of Banks' claim for wrongful foreclosure in equity against HSBC. The basis for Banks' wrongful foreclosure claim is straightforward:

> The foreclosure conducted by Defendants is fatally defective in
> [that] the deed of trust was not correctly assigned and Defendants
> do not possess the note.

With regard to the assignment of the deed of trust, the issue actually turns on the assignment of the noted executed by Mari Banks. According to Missouri law, "[i]f a note is properly assigned, the [securing] deed of trust automatically goes with it, and the note is not split from the deed of trust." *Overton v. Wells Fargo Bank, N.A.,* 2012 WL 2326117, op. at *3 n.5 (E.D. Mo. Jun. 19, 2012) (*quoting In Re Box,* 2010 WL 2228289, op. at *6 (Bkrtcy. W.D. Mo. Jun. 3, 2010)). Moreover, since a deed of trust securing a negotiable note passes with it, "a party entitled to enforce a note is also entitled to enforce the deed of trust securing that note, regardless of whether that transfer is recorded." *Singleton v. Wells Fargo Home Mortgage,* 2012 WL 1657345, op. at *2 (W.D.Mo. May 9, 2012). The question then is whether Banks has standing to challenge the assignment of the note executed by his wife.

---

[1] The noted executed by Mari Banks and the deed of trust signed by Banks and his wife were originally in favor of Aegis Lending Corporation.

Under Missouri law, "[t]he validity of an assignment of a debt cannot be questioned by the debtor in a suit by the assignee unless he can show prejudice." *Barker v. Danner*, 903 S.W.2d 950, 955 (Mo. App. [W.D.] 1995). Based on the bare pleadings before the Court, Banks was not the debtor on the note, much less in a position to allege prejudice arising from the assignment of the subject note. Further, "for over a century, state and federal courts around the country have . . . [held] that a litigant who is not a party to an assignment lacks standing to challenge that assignment . . . ." *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 717 F. Supp. 2d 724, 736-37 (E.D. Mich. 2010) (*citing Blackford v. Westchester Fire Ins. Co.*, 101 F. 90 (8th Cir. 1990)) (*additional citations omitted*). Again, inasmuch as Banks was not a party to the note, he was not a party to any assignment of the note.

Banks makes an additional vague and undeveloped allegation that HSBC cannot hold the deed of trust under its "pool and servicing rules." To the extent this allegation is even adequately plead, Banks again lacks standing. In general, a debtor "lacks standing to challenge the assignment of the notes . . . based on challenging . . . compliance with the PSA [pool and servicing agreement]." *Schwend v. U.S. Bank,* 2013 WL 686592, op. at *3 (E.D. Mo. Feb. 26, 2013). Further, the Eighth Circuit recently noted that how a "note was securitized and transferred" does not have any "legal significance that impacts [the note holder's] right to enforce the note." *Millon v. JPMorgan Chase Bank, N.A.*, 518 F. App'x 491, 496 (8th Cir. 2013). As concluded by the Eastern District of Missouri:

> A judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement.

*Schwend*, op. *3 (*quoting Metcalf v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 2399369, op. at *4 (N.D. Tex. June 26, 2012)).

3

Based on the foregoing, [2] the Court concludes that Banks lacks standing to challenge whether the deed of trust was "correctly assigned" and whether there was compliance with HSBC's pool and servicing rules. When a party lacks standing to assert a claim, the Court lacks subject matter jurisdiction over such a claim. *See*, *e.g.*, *Miller v. Redwood Toxicology Laboratory, Inc.*, 688 F.3d 928, 934 (8th Cir. 2012) (if a plaintiff lacks standing, "a federal court has no subject-matter jurisdiction over the claim"). Accordingly, the Court dismisses Burns' claim against HSBC for wrongful foreclosure.[3]

For similar reasons, the Court would have concluded that Burns lacks standing to assert a negligence claim for an alleged breach of good faith and fair dealing. This claim is asserted solely against Ocwen (the servicer of Mari Burns' loan). In the original complaint before this Court, Burns alleged that Ocwen owed a duty of good faith and fair dealing to the holder of the note. Of course, Burns was not the holder of the note. Subsequently, however, Burns has sought permission to file a proposed amended pleading [Doc. 21]. While Burns' allegations supporting his claims of wrongful foreclosure and quiet title remain unchanged, with regard to the negligence claim against Ocwen, Burns proposes to add the following three allegations:

> "Although Burns was not on the note, he regularly corresponded with [Ocwen], and was the only person to pay on the mortgage. In addition, he was awarded the property and the debt on his property in his divorce."

---

[2] As noted, Burns also alleges that the defendants do not possess the note. Even if the allegation is true, "[t]his show-me-the-note theory has been uniformly rejected by courts around the country." *Spence v. JPMorgan Chase Bank, N.A.*, 2011 WL 473345, op. at *2 (W.D. Mo. Oct. 5, 2011) (dismissing a wrongful foreclosure claim).

[3] The dismissal of the wrongful foreclosure also requires dismissal of Burns' quiet title claim. The validity of Burns' title claim requires that he prevail on the wrongful foreclosure claim. *See*, *e.g.*, *Barnes v. Federal Home Loan Mortgage Corp.*, 550 Fed. Appx. 340, 341 (8th Cir. 2014) ("We also conclude that [the plaintiff's] quiet-title claim was properly dismissed, because his superior-title allegation relied upon the viability of his wrongful-foreclosure claims.").

> "[Ocwen] encouraged Burns to miss payments in order to qualify for modification."
>
> "[Ocwen] does not claim to have the rights of a note holder under the deed of trust."

Then, as also set out in the original pleading, Burns further alleges that Ocwen knew or should have known that Burns' "agreeing to modification payments would move him closer to foreclosure, and not only failed to warn him of this, but encouraged him to seek modification" and that Burns "was damaged by this negligence, and such breach was a proximate cause of damages."

The Court does NOT make any finding as to whether the additional facts can be proven and, if so, whether they state a viable claim for negligence under Missouri law. However, the defendants have not filed any objection to the proposed amended pleading and the Federal Rules of Civil Procedure encourage courts to freely grant motions to amend. Inasmuch as Burns adds significant factual allegations in support of his negligence allegations, the Court will grant the motion for leave to file the proposed amended pleadings with the express understanding that the ruling herein on wrongful foreclosure – in equity and quiet title apply to the amended pleading.

Finally, Burns' complaint (both the current one and the proposed amended pleading) include separate counts for "Injunctive Relief" and "Declaratory Judgment." The Court concludes that such equitable relief is not appropriate with respect to the sole remaining claim – Burns' claim for money damages arising from the alleged negligence of Ocwen in servicing the subject promissory note. As such those counts are dismissed. In addition, since Burns' negligence claim is directed only at Ocwen, HSBC is dismissed as a party-defendant.

In accordance with the foregoing discussion, it is

**ORDERED** that the *Motion For Leave To File Amended Petition,* filed July 14, 2014 [Doc. 21] is **GRANTED**.  Plaintiff shall have 7 days from the date of this Order to electronically file his Amended Petition.  It is further

**ORDERED** that the *Motion to Dismiss,* filed February 24, 2014 [Doc. 7] is **GRANTED IN PART AND DENIED IN PART**.   Counts I, III, IV and V are **DISMISSED**.  Additionally, defendant HSBC is **DISMISSED**.  This matter continues as to Count II against defendant Ocwen.

       */s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**