IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FLOYD BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-00139-CV-W-JTM |
| ) | |
| HSBC BANK USA, N.A. AS TRUSTEE ON BEHALF ) | |
| OF ACE SECURITIES CORP. HOME EQUITY LOAN ) | |
| TRUST FOR THE REGISTERED HOLDERS OF ACE ) | |
| SECURITIES CORP. HOME EQUITY LOAN TRUST, ) | |
| SERIES 2006-HE3, ASSET BACKED PASS- ) | |
| THROUGH CERTIFICATES, ) | |
| ) | |
| and ) | |
| ) | |
| OCWEN LOAN SERVICING, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Floyd Banks ("Banks") filed this action in the Circuit Court of Jackson County, Missouri, on September 13, 2013. Banks asserted claims for wrongful foreclosure in equity, quiet title, and negligence (breach of the duty of good faith and fair dealing). Banks sought money damages and equitable relief (preliminary and permanent injunctions and a declaratory judgment) from two named defendants, HSBC Bank USA, N.A. as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE3, Asset Backed Pass-Through Certificates ("HSBC") and Ocwen Loan Servicing, LLC ("Ocwen"). After the case was removed to the federal court, this Court granted, in part, the MOTION TO DISMISS [Doc. 7] filed by HSBC and Ocwen [Doc. 23], dismissing Banks' claims for wrongful foreclosure in equity and quiet title for lack of standing. However, with regard to Banks' negligence claim, the Court observed:

> [For the same reasons as applied to wrongful foreclosure and quiet title], the Court would have concluded that Banks lacks standing to assert a negligence claim for an alleged breach of good faith and fair dealing. This claim is asserted solely against Ocwen (the servicer of Mari Banks' loan). In the original complaint before this Court, Banks alleged that Ocwen owed a duty of good faith and fair dealing to the holder of the note. Of course, Banks was not the holder of the note.

Prior to the Court's ruling on the dispositive motion, though, Banks sought leave of Court to file an amended complaint [Doc. 21]. While Banks' allegations supporting his claims of wrongful foreclosure and quiet title remain would remain unchanged, with regard to the negligence claim against Ocwen, Banks proposed to add the following three allegations:

> Although Banks was not on the note, he regularly corresponded with [Ocwen], and was the only person to pay on the mortgage. In addition, he was awarded the property and the debt on his property in his divorce.
>
> [Ocwen] encouraged Banks to miss payments in order to qualify for modification.
>
> [Ocwen] does not claim to have the rights of a note holder under the deed of trust.

Then, as also set out in the original pleading, Banks' proposed amended complaint further alleged that Ocwen knew or should have known that Banks' "agreeing to modification payments would move him closer to foreclosure, and not only failed to warn him of this, but encouraged him to seek modification" and that Banks "was damaged by this negligence, and such breach was a proximate cause of damages." Ocwen did not oppose the motion to amend nor address whether the additional allegations conferred standing on Banks.

Mindful of the Eighth Circuit's admonition that when dealing with motions to amend that the court "prefer[s] to have claims decided on the merits rather than on the pleadings" [*Carter v. United States*, 123 Fed. App'x 253, 259 (8th Cir. 2005)] and Rule 15's directive that leave to amend should be freely granted "when justice so requires [FED R. CIV. P. 15(a)], the Court decided to Grant Banks leave to file the amended complaint, with the explicit caveat:

2

> The Court does NOT make any finding as to whether the additional facts can be proven and, if so, whether they state a viable claim for negligence under Missouri law.

In its order of September 29, 2014, partially granting the motion to dismiss, the Court "ORDERED that the Motion For Leave To File Amended Petition, filed July 14, 2014 [Doc. 21] is GRANTED. Plaintiff shall have 7 days from the date of this Order to electronically file his Amended Petition."

Presently pending before the Court is Ocwen's MOTION TO DISMISS SECOND AMENDED PETITION [Doc. 24]. Therein, Ocwen asserts that Banks' remaining claim (even taking into account the new allegations) fails to state a claim upon which relief may be granted. However before addressing the arguments raised by Ocwen, the Court must note that the parties are arguing about an amended pleading that was never filed with the Court. In its order, the Court allowed Banks seven days to file his amended pleading. He did not do so. Accordingly, for the reasons set out in the Court's original order and based on the language of the determinative pleading before the Court, Banks' lacks standing to assert a negligence claim against Ocwen or, in the alternative, fails to state a claim upon which relief may be granted against Ocwen for negligence. That pleading merely alleges that Ocwen owed a duty of good faith and fair dealing to the holder of the subject note and, Banks was not the holder of the note. *Compare Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987) (noting that motions to amend may be refused based on "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party").

Under Missouri law, "a defendant who has contracted with another owes no duty to a plaintiff who is not a party to that agreement, nor can a non-party sue for negligent performance of the contract." *Owens v. Unified Investigations & Sciences, Inc.*, 166 S.W.3d 89, 92 (Mo. App. [E.D.] 2005). As noted by the Eighth Circuit:

> This general rule of privity serves two purposes: (1) it protects the
> contractual parties from being exposed to unlimited liability, and (2) it
> prevents burdening the contractual parties with obligations they have not
> voluntarily assumed.

*Bluehaven Funding, LLC v. First Am. Title Ins. Co.*, 594 F.3d 1055, 1060 (8th Cir. 2010) (construing Missouri law). There are recognized exceptions to this general rule that must be analyzed on a "case-by-case basis." *Owens*, 166 S.W.3d at 92. In determining whether an exception to the general rule applies, "[t]he proper inquiry is whether the defendant has assumed a duty of reasonable care to prevent foreseeable harm to the plaintiff." *Id.*

Reviewing the non-filed amended pleading, the closest that Banks comes to avoidance of the general rule is his allegation that Ocwen encouraged him "to miss payments in order to qualify for modification." However, this bare allegation – standing alone – simply falls short of establishing that Ocwen assumed a duty of reasonable duty to prevent foreseeable harm to Banks (*i.e.*, the subsequent foreclosure). As noted in another case by the Eighth Circuit:

> The homeowners provided only conclusory allegations that they relied
> on the lender's representations [to stop making mortgage payments] and
> were damaged "as a direct and proximate result" of that reliance.
> Although they allege that [the lender's] instructions caused them to
> discontinue payment and await word of modification approval, nowhere
> do the homeowners allege that "awaiting word" caused their inability to
> pay the mortgage delinquency.

*Cox v. Mortgage Electronic Registration Systems, Inc.*, 685 F.3d 663, 673 (8th Cir. 2012).

In response to the present motion to dismiss, Banks asserts that he "should be allowed to proceed in discovery and develop his facts showing he can carry his burden throughout the proceedings." To that end, Banks argues that "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts entitling him to relief" and cites *Breedlove v. Earthgrains Bakery*, 140 F.3d 797, 799 (8th Cir. 1998). That is no longer the standard. In *Bell Atlantic Corp. v. Twombly*, abrogated the standard:

4

> [T]here is no need to pile up further citations to show that [the] "no set of facts" language has been questioned, criticized, and explained away long enough. . . . But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63, 127 S. Ct. 1955, 1969 (2007). Now when reviewing a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and review the complaint to determine whether its allegations show the pleader to be entitled to relief. *Id*. at 555-56, 127 S.Ct. at 1964-65. In that vein, *Twombly* requires a plaintiff to plead facts sufficient to "raise a right to relief above the speculative level." *Id*. at 555, 127 S.Ct. at 1965. While the pleadings need not show relief is probable, they must show the plaintiff's claims are "plausible." *Id*. at 556, 127 S.Ct. at 1965. Banks' non-filed amended pleading fails to meet this standard and show a plausible claim of negligence against Ocwen.

                                                */s/ John T. Maughmer*
                                                 **John T. Maughmer**
                                   **United States Magistrate Judge**